Estate of Francois L. Church, Deceased, Edward E. Black, Executor v. Commissioner.
Estate of Church v. Commissioner
Docket No. 3489.
United States Tax Court
1944 Tax Ct. Memo LEXIS 17; 3 T.C.M. (CCH) 1300; T.C.M. (RIA) 45134; December 5, 1944
*17 Decedent in 1924 established a trust to pay the income to himself for life, and at his death the corpus to be distributed to his surviving issue, or in default thereof, to his brothers and sisters in equal shares, any child or children of a deceased brother or sister to take the share allocated to the parent, per stirpes. Decedent was survived by a brother of the full blood with two children, a sister of the full blood with one child, and four half-brothers with seven children. Held, the corpus of the trust is not includible in the estate of the decedent under section 302 (c) of the Revenue Act of 1926, as amended, as a transfer intended to take effect in possession or enjoyment at or after death. William W. Owens, Esq., for the petitioner. Robert S. Garnett, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in estate taxes in the amount of $49,410.30. Three errors were alleged: (1) The inclusion in the gross estate of decedent of the principal of a trust established by him on or about May 17, 1924; (2) the valuation of the principal of the above estate; and (3) the failure of the Commissioner to allow credit for *18 state estate taxes. The second issue has been abandoned by petitioner. As to the third issue the amount of the New Jersey estate tax is dependent upon the outcome of this litigation and counsel have agreed that proof of payment may be submitted upon determination of this proceeding. Findings of Fact Petitioner is the Estate of Francois L. Church, who was at the time of his death, December 11, 1939, a resident of the State of New Jersey. The estate tax return was filed with the Collector of Internal Revenue for the fifth district of New Jersey, on March 10, 1941. By deed of trust, dated May 17, 1924, decedent transferred to himself, E. Dwight Church, and Charles T. Church, 1,000 shares of stock of Church & Dwight Co., in trust for the purposes and upon the terms hereinafter described. The instrument was executed and delivered in the State of New York, in which state decedent continuously resided until his removal to New Jersey in 1937. E. Dwight Church and Charles T. Church, brothers of the half-blood of decedent, have at all times here material continually resided in the State of New York. The shares constituting the corpus of the trust and the bank account of the trust have been *19 physically located in New York. At the time of the creation of the trust, decedent had but recently attained his 21st birthday, whereupon there was delivered to him property of substantial value which had theretofore been held and managed for him by his mother. The principal asset of the estate consisted of 1,000 shares of the stock of Church & Dwight Company, a corporation closely held by the Church and Dwight families. In March 1924, it came to the attention of E. Dwight Church that decedent was leading a rather riotous existence, drinking heavily, squandering his money, and associating with companions of questionable repute. Fearful that decedent, as a result of his improvidence, might dispose of the 1,000 shares of Church & Dwight stock to persons outside the family circle, E. Dwight Church suggested to decedent that he place the stock in trust in order to safeguard it and to assure decedent an income for his life. Following this suggestion, decedent established the trust above mentioned. The trust indenture provided that the income should be paid to decedent for life and upon his death the trust should terminate and the corpus be distributed to his issue then surviving. The *20 trust instrument further provided as follows: "In the event that the Settlor should die leaving no lawful issue him surviving then and in that event the trustees are ordered and directed to transfer and pay over the principal amount of said trust estate, with all increase thereof as it shall then exist in equal shares to the brothers and sisters of the Settlor then surviving, any child or children of a deceased brother or sister to take the share per stirpes which their parent would have been entitled to receive if living." No power to alter, amend, or revoke was reserved by the grantor On May 17, 1924, the date of the creation of the trust, decedent had one brother and one sister of the full blood and four half-brothers. On that date there were living seven children of the brothers of the half-blood. Decedent was then unmarried and had no children. At death he was survived by his brother of the whole blood, who had two children then living; his sister of the whole blood, who had one child then living; and his four half-brothers, who had seven children then living. The gift in trust was not made in contemplation of death. Respondent determined that the corpus of the trust *21 was includible in decedent's gross estate as a transfer intended to take effect in possession or enjoyment at or after decedent's death. Opinion ARUNDELL, Judge: The only point at issue is whether or not the value of the corpus of this trust is includible in decedent's estate under the provisions of section 302 (c) of the Revenue Act of 1926, as amended, as a transfer "intended to take effect in possession or enjoyment at or after his death." It is clear that the reservation of a right to the income of the trust for life is not a sufficient basis for including the trust corpus in decedent's estate, for the reason that the trust was created prior to the effective date of the Joint Resolution of March 3, 1931, amending section 302 (c) of the Revenue Act of 1926. ; ; , affirmed sub. nom. ; . Respondent relies upon the unglossed principle of *22 . We think, however, that this is not a case within the rule of the Hallock case. The trust indenture directed that upon the death of the grantor the corpus was to be distributed to his surviving child or children, or to the issue of any deceased child or children, per stirpes; and in the event the grantor should die without issue surviving, then to his brothers and sisters, or to the child or children of any deceased brother or sister, per stirpes. At the time of his death he had no issue surviving, but there were living his brother with two children, his sister with one child, and his four half-brothers with seven children. Decedent reserved no power to alter, amend, or revoke, nor did he expressly reserve any possibility of reverter. The mere possibility of reverter by operation of law upon a failure of the trust, due to the death of all the remaindermen prior to the death of decedent, is not such a possibility as to come within the Hallock case. ; ; affirming *23 ; ; ; ; . (Affirmed without written opinion CCA-2, April 20, 1944). Here, as in , "* * * the fact of importance in the case at bar is that the grantor during his lifetime disposed of his interests in the corpus of the trust as well as any man could." No interest in the property passed from decedent to the remaindermen at his death. His death served merely to "obliterate" the interest possessed by him immediately prior to his death. ;. It is clear, therefore, that no part of the corpus of the trust is includible in the estate of the decedent as a transfer "intended to take effect in possession or enjoyment at or after his death." Decision will be entered under Rule 50. *24